UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| COHEN MILSTEIN SELLERS & TOLL PLLC,<br><br>*Plaintiff*,<br><br>v.<br><br>SEVERSTAL WHEELING, INC. RETIREMENT COMMITTEE, TIMOTHY ROGERS, RICHARD CARUSO, and WILLIAM DREW LANDON,<br><br>*Defendants*. | Civil Action No. 25-cv-7462 |

## COMPLAINT

Plaintiff Cohen Milstein Sellers & Toll PLLC alleges as follows:

### NATURE OF ACTION

1.　In 2012, Defendants hired Plaintiff to represent them in ongoing ERISA litigation in this Court.

2.　Plaintiff worked entirely on contingency, so Defendants did not have to pay Plaintiff at all unless and until Plaintiff successfully obtained a judgment.

3.　After years of hard-fought litigation, Plaintiff won a judgment of over $15 million through trial and appellate affirmance.

4.　The judgment proved difficult to collect. On behalf of Defendants, Plaintiff pursued collections for years. In 2022, when further recovery on the judgment required bankruptcy expertise that Plaintiff lacked, Plaintiff informed Defendants that it could not represent them

in bankruptcy proceedings or further collections actions. Still, Plaintiff reserved its right to be paid for its outstanding attorneys' fees and costs.

5. Defendants have since collected several million dollars on the judgment that Plaintiff obtained for them.

6. But Defendants have not paid Plaintiff a dollar from this collection.

7. Indeed, Defendant did not even *inform* Plaintiff it had recovered any additional amounts until it improperly sued Plaintiff, seeking a declaration that they do not have to pay their former lawyers for the victorious and valuable work that Plaintiff performed as promised.

8. For failing to pay Plaintiff the money that they owe under the parties' retainer agreement, Defendants are in breach of contract.

## PARTIES

9. Plaintiff Cohen Milstein Sellers & Toll PLLC ("Plaintiff," "Cohen Milstein," or the "Firm") is a law firm with its two largest offices in Washington, DC, and New York, NY. It does business on a regular and substantial basis in both cities.

10. The Firm operates as a professional limited liability corporation, organized and existing under the laws of the District of Columbia.

11. Defendant Severstal Wheeling, Inc. Retirement Committee (the "Committee") is a committee responsible for administering the pension plans of retired workers and beneficiaries of the Wheeling Corrugating Company Retirement Security Plan and the Salaried Employees' Pension Plan of Severstal Wheeling, Inc. These are collectively referred to in this Complaint as the "Plans."

12. The Committee is the successor entity to the RG Steel Wheeling, LLC Retirement Committee.

13. Three individuals comprise the Committee and are fiduciaries of the Plans, as well as its predecessor entity. They are:

    a. Defendant Timothy Rogers, who is an adult resident of California;

    b. Defendant Richard Caruso, who is an adult resident of Pennsylvania; and

    c. Defendant William Drew Landon, who is an adult resident of Ohio.

14. The three individual Defendants and the Committee are referred to in this Complaint collectively as Defendants or the "Former Clients."

## JURISDICTION AND VENUE

15. Jurisdiction is proper in this Court under 28 U.S.C. § 1332(a). There is complete diversity, since the Plaintiff and Defendants are citizens of different states. And the amount in controversy exceeds $75,000.

16. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2). The breach of contract claim pled here centers on the provision of legal services by Cohen Milstein on behalf of the Former Clients in a case the Former Clients filed in the U.S. District Court for the Southern District of New York.

## FACTUAL BACKGROUND

### *The Parties Entered into a Contractual Agreement in 2012*

17. On December 17, 2012, an authorized representative of Cohen Milstein and Defendants Rogers, Caruso, and Landon, as fiduciaries of the Plans, signed an engagement letter. That executed retainer agreement is attached as Exhibit 1 (the "Agreement").

18. At the time, the Former Clients were already plaintiffs in ERISA litigation that was pending in the U.S. District Court for the Southern District of New York (the "SDNY litigation"). Ex. 1, ¶ 1. Cohen Milstein was hired to replace the Former Clients' attorneys in

3

that ongoing case. The Firm agreed to represent the Former Clients "solely in that capacity and solely for purposes of that litigation." *Id.*

19. The Agreement set forth the Former Clients' financial obligations in exchange for Cohen Milstein's commitment to represent them in the SDNY litigation. *Id.* ¶ 3.

20. Cohen Milstein undertook this representation on a contingency basis. *Id.* The Firm promised not to seek payment of attorneys' fees unless the Former Clients obtained a recovery, award, or payment resulting from judgment or settlement. *Id.* ¶ 3(a)-(b).

21. In addition to offering its services on contingency, Cohen Milstein also agreed to advance all necessary expenses for the SDNY litigation, with a limited exception related to the retention of experts. *Id.* ¶ 4. In exchange, the Former Clients agreed that the Firm would seek reimbursement of all its costs from any settlement, judgment, or award. *Id.* ¶ 4(b).

22. In exchange for Cohen Milstein's representation in the SDNY litigation, the Former clients committed to paying the Firm "the greater of (1) its lodestar in the litigation at then-current rates . . . plus interest from the date of judgment to date of payment, (2) one-third of the settlement or judgment before deducting expenses, or (3) any fee award made by the Court[.]" *Id.* ¶ 3(c)(2)(iv).

23. The Agreement further specified the Former Clients and Cohen Milstein would be paid distinct and additional fees if, after obtaining a favorable judgment, the Firm expended time "to enforce the judgment (including but not limited to enforcement of any award of attorneys fees)." For those distinct collections efforts, Cohen Milstein would be paid at the Firm's then-current hourly rates, in addition to the fees earned in prosecuting the SDNY litigation to final judgment. *Id.*

24. Of course, as is typically inherent to contingency-based representations, the Agreement recognized that the Plans would not be responsible for attorneys' fees or costs "[i]n the event that . . . a judgment proves uncollectable." *Id.* ¶ 5(a). This term referred to, the Agreement explained, a situation where "no money or anything else with a present value is received or collected." *Id.*

25. The Agreement contained a choice-of-law provision, which selected "the law of the District of Columbia" to govern the Agreement. *Id.* ¶ 9.

***Cohen Milstein Fully Performed and Prevailed in Its Promised SDNY Representation***

26. In December 2012, attorneys from Cohen Milstein, including undersigned counsel, entered appearances as attorneys of record in the SDNY litigation.

27. Cohen Milstein filed an amended complaint and completed outstanding discovery. The Firm subsequently moved for partial summary judgment, which was granted in part. *Severstal Wheeling, Inc. v. WPN Corp.*, No. 10 CIV. 954 LTS GWG, 2014 WL 2959014, at *1, *7 (S.D.N.Y. Apr. 11, 2014).

28. In July 2014, Cohen Milstein represented the Former Clients in an eight-day trial. The Firm presented the live testimony of ten witnesses (eight fact and two expert), excluded a defense witness, admitted 100 exhibits, and submitted pre- and post-trial briefing.

29. Ultimately, in 2015, Cohen Milstein obtained in the SDNY litigation a trial judgment of over $15 million for the Former Clients.

30. In its Opinion and Order, the Court found that the defendants in the SDNY litigation breached their fiduciary duties to the Former Clients, in violation of ERISA, and that the Former Clients were entitled to their investment losses, disgorged fees, and interest. *Severstal Wheeling, Inc. Ret. Comm. v. WPN Corp.*, 119 F. Supp. 3d 240, 242, 270 (S.D.N.Y. 2015).

31. The Firm subsequently secured a separate award, which the defendants in the SDNY litigation did not oppose, of over $2.2 million in attorneys' fees and nearly $400,000 in costs. *Severstal Wheeling, Inc. v. WPN Corp.*, No. 10CIV954LTSGWG, 2016 WL 1611501, at *4 (S.D.N.Y. Apr. 21, 2016). Of that amount, nearly $1.4 million in fees and over $300,000 in costs were attributable to the time and expenses incurred by Cohen Milstein on behalf of the Former Clients.

32. In its ruling, the Court found Cohen Milstein's rates reasonable in light of the case's "complex financial nature of the legal and factual issues, the highly contested and protracted proceedings including a trial, and the prevailing market rates for lawyers in this district handling relatively complex commercial matters." *Id.* at *4.

33. Adding the trial and attorneys' fees and costs awards together, the Court in 2016 entered a final judgment for the Former Clients in the amount of approximately $17.6 million.

34. In 2016, Cohen Milstein successfully defended on appeal the judgment in favor of Former Clients. *Severstal Wheeling, Inc. v. WPN Corp.*, 659 F. App'x 24, 27-28 (2d Cir. 2016).

***Cohen Milstein Spent Years Attempting to Collect on the Judgment It Secured***

35. Over the next six years, the Former Clients and Cohen Milstein agreed to Cohen Milstein engaging in extensive efforts to collect on the judgment it had obtained. The defendants in the SDNY litigation and their heirs engaged in financial obfuscation to at least appear judgment-proof.

36. Cohen Milstein obtained for the Former Clients a partial recovery of over $2 million. As a result of that recovery, the Firm recouped some of its fees, although the amount was less than $900,000.

6

37. After subtracting that partial recovery, and still to this day, Cohen Milstein has an outstanding lodestar of approximately $3.1 million in attorneys' fees, plus approximately $400,000 in unreimbursed expenses, from its representation of the Former Clients. This amount is lower than the one-third of the judgment to which Cohen Milstein is entitled under the parties' retention agreement.

38. In mid-2022, the heir of a defendant in the SDNY litigation declared Chapter 11 bankruptcy.

39. Cohen Milstein does not have a bankruptcy practice. Having long completed the original scope of the retainer and with the matter now involving a distinct bankruptcy proceeding for which the Former Clients retained new counsel, the Firm advised the Former Clients that it could not represent them in the bankruptcy proceeding nor further collection efforts.

40. In a written communication, Cohen Milstein provided notice that it was expressly retaining and not waiving its right to recoup the out-of-pocket expenses advanced on the Former Clients' behalf and to be paid the attorneys' fees the Firm was owed under the parties' governing retainer agreement.

*The Former Clients Have Failed to Pay Cohen Milstein as Contractually Promised*

41. At some point since 2022, the Former Clients secured another $2.235 million towards satisfying the judgment in the SDNY litigation. This circumstance is thus unlike the scenario contemplated in Section 5(a) of the Agreement where "no money . . . is received or collected." Ex. 1, ¶ 5(a).

42. Following this most recent recovery, the Former Clients did not attempt to engage Cohen Milstein in discussions about the amount owed to the Firm under the parties'

Agreement, or whether or how the Firm might be willing to split the recovery. They did not even initially *inform* Cohen Milstein of this development.

43. Instead of attempting dialogue first with the attorneys who represented them for approximately ten years, through a successful trial and appeal, the Former Clients sued Cohen Milstein on July 17, 2025 in federal court in West Virginia—a state where Cohen Milstein has no offices, no barred attorneys, and generally no established presence.

44. The Former Clients did not plead any formal claims of wrongdoing in their lawsuit; rather, they only seek a declaratory judgment that they could renege on their promise to pay their former counsel for legal services rendered.

45. Cohen Milstein intends to move to dismiss that complaint and prosecute its breach of contract claim in this Court through the instant case.

## CAUSES OF ACTION

### COUNT ONE
### Breach of Contract

46. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 45.

47. Plaintiff and Defendants entered into an engagement letter, the Agreement, in 2012.

48. The Agreement was and remains a binding and enforceable contract. Nothing—including the Firm's 2022 indication that it could not represent the Former Clients in bankruptcy proceedings—has rendered that contract void.

49. Cohen Milstein fully performed its obligations and satisfied all conditions of representing the Former Clients in the SDNY litigation, as outlined in the 2012 contract. Plaintiff fully rendered the legal representation that it committed to providing in the Agreement's defined scope, including litigating Defendant's case through trial and appeal,

8

resulting in an exceptional result for Defendants in the form of a judgment worth over $17 million.

50. In exchange for the Firm's legal services, the engagement letter required the Former Clients to pay Cohen Milstein for its fees and costs if money, or something else of value, was collected or recovered.

51. Cohen Milstein has only been paid a portion of its lodestar and out-of-pocket expenses—less than what is guaranteed by the Agreement.

52. Defendants have collected an additional $2.235 million, from which they have not paid anything to Cohen Milstein for its outstanding fees and costs, as the governing Agreement requires.

53. The Former Clients' breach has damaged Cohen Milstein in the amount of hundreds of thousands, if not millions, of dollars.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests the following relief:

1. AJUDGE that Defendants are in breach of the parties' express written contract, awarding to Plaintiff contract damages for outstanding attorneys' fees and costs;

2. GRANT such additional relief as the Court shall deem just and equitable.

September 9, 2025

*/s/ Michael Eisenkraft*
Michael Eisenkraft (NY Bar #4306189)
Cohen Milstein Sellers & Toll PLLC
88 Pine St., 14th Floor
New York, NY 10005
(212) 838-7797
meisenkraft@cohenmilstein.com

Benjamin D. Brown (DC Bar #495836)*
Rebecca A. Ojserkis (NY Bar #5578216)
Cohen Milstein Sellers & Toll PLLC

9

1100 New York Ave. NW, Suite 800
Washington, DC 20005
(202) 408-4600
bbrown@cohenmilstein.com
rojserkis@cohenmilstein.com

*Pro Se Plaintiff*

\* *pro hac vice* application forthcoming