UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------- X
                                          :
COHEN MILSTEIN SELLERS & TOLL PLLC,       :
                                          :
                         Plaintiff,       :        25cv7462 (DLC)
                                          :
              -v-                         :        MEMORANDUM
                                          :        OPINION
SEVERSTAL WHEELING, INC. RETIREMENT       :        AND ORDER
COMMITTEE, et al.,                        :
                                          :
                         Defendants.      :
                                          :
----------------------------------------- X

APPEARANCES:

For plaintiff Cohen Milstein Sellers & Toll PLLC:
Michael Eisenkraft
Cohen Milstein Sellers & Toll PLLC
88 Pine Street, 14th Floor
New York, NY 10005

Benjamin D. Brown
Rebecca A. Ojserkis
Cohen Milstein Sellers & Toll PLLC
1100 New York Ave. NW, Suite 500
Washington, DC 20005

Philip John Tullo
Scott Wenzel
Benjamin R. Allee
Daniella M. Vincent
Yankwitt LLP
140 Grand Street, Suite 705
White Plains, NY 10601

For defendants Severstal Wheeling, Inc. Retirement Committee, et al.:
Simon Miller
Keith E. Whitson
Jordan N. Kelly
Raines Feldman Littrell LLP
1350 Avenue of the Americas, 22nd Floor
New York, NY 10019

DENISE COTE, District Judge:

Plaintiff Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") moves to dismiss a counterclaim brought by defendants for a declaratory judgment.  Cohen Milstein has sued defendants for breach of contract, contending that defendants failed to pay its contingency fee after collecting the judgment.  For the following reasons, the motion to dismiss the counterclaim is granted.

## **Background**

The following facts are alleged in the complaint, answer, and counterclaim.  This Opinion summarizes only the facts necessary to decide this motion.

Severstal Wheeling, Inc. Retirement Committee ("the Committee") is responsible for administering pension plans for Severstal Wheeling, Inc.'s retired workers and beneficiaries (the "Plans"), and is composed of three members: Timothy Rogers, Richard Caruso, and Drew Landon (together with the Committee, the "defendants").  On December 17, 2012, defendants retained Cohen Milstein to represent them in ongoing ERISA litigation. The parties signed an engagement letter which stated, with regards to attorneys' fees:

> (iv) In the event that Plaintiffs obtain a
> favorable judgment and the Firm must expend

time to enforce the judgment (including but not limited to enforcement of any award of attorneys fees), the Firm will be paid (A) the greater of (1) its lodestar in the litigation at then-current rates . . ., plus interest from the date of judgment to date of payment, (2) one-third of the . . . judgment before deducting expenses, or (3) any fee award made by the Court against the Defendants in favor of the Firm, plus (B) its fees incurred to enforce or collect the judgment paid at its then-hourly rates . . .

. . .

(a) In the event that . . . a judgment proves uncollectable (i.e. no money or anything else with a present value is received or collected from Defendants), the Plans will not be responsible for any attorneys' fees.

On August 10, 2015, after an eight-day bench trial, defendants, represented by Cohen Milstein, obtained a judgment of over $15 million. The Court also separately awarded defendants over $2.6 million in attorneys' fees and costs, for a total award of $17.6 million.

Over the next six years, Cohen Milstein attempted to collect on the judgment it obtained. By 2021, Cohen Milstein had recovered over $2.6 million for the defendants. Defendants shared $862,174.48 of the over $2.6 million recovery with Cohen Milstein but Cohen Milstein claims that it is still owed $3.1 million in attorneys' fees and $400,000 in unreimbursed expenses.

3

Cohen Milstein had also attempted to recover additional amounts from the widow of one of the ERISA defendants but was unsuccessful.  After the widow declared Chapter 11 bankruptcy in 2022, Cohen Milstein advised defendants that it could not represent them in the bankruptcy proceeding or further collection efforts.  It wrote, on July 1, 2022:

> This letter confirms our phone conversations . . . wherein I advised you that [Cohen Milstein] would withdraw from representing you in connection with the [ERISA litigation] and the related collections/enforcement actions which followed.
>
> . . .
>
> Though Cohen Milstein is now withdrawing as counsel in the Action, should you recover any additional amounts of the Judgment Award from any source, . . . Cohen Milstein expressly retains and does not waive its right to recoup the out-of-pocket expenses advanced on your behalf, and to be paid attorneys' fees incurred in the Action. . . . Because Plaintiffs did obtain a favorable judgment following trial, under the 2021 Agreement at 3(c)(2)(iv), Cohen Milstein is entitled to recover all of these amounts as attorneys' fees and reimbursement of advanced costs.

(Emphasis added.)  Defendants then retained new counsel to represent them in the bankruptcy proceeding and to pursue further collection of the 2015 judgment.

While represented by the new counsel, defendants secured an additional $2.235 million of the 2015 judgment.  Defendants did

not share any portion of this new $2.235 million recovery with Cohen Milstein.

On September 9, 2025, Cohen Milstein brought this action against defendants, raising a single cause of action for breach of contract.  On December 17, the defendants filed their answer, which raised a single counterclaim for a declaratory judgment. In particular, the defendants seek:

> [A] declaration of the rights and
> obligations of the parties, and in
> particular that Cohen [Milstein] is not
> entitled to any fee due [to] its abandonment
> of its representation of the Committee, or
> in the alternative, the amount to which
> Cohen [Milstein] is entitled . . . .

On December 22, Cohen Milstein moved to dismiss the defendants' counterclaim for failure to assert a justiciable cause of action.  The motion became fully submitted on January 14, 2026.

## Discussion

Cohen Milstein's motion to dismiss argues that defendants' counterclaim is barred by Article III because it does not articulate a justiciable cause of action.[1]  In this diversity

---

[1] Cohen Milstein does not identify the exact provision of Rule 12(b), Fed. R. Civ. P., under which the motion to dismiss is brought.  The Court understands arguments regarding Article III justiciability to be brought under Rule 12(b)(1) for a lack of subject matter jurisdiction.  See In re Joint E. & S. Dist. Asbestos Litig., 14 F.3d 726, 733 (2d Cir. 1993) ("In the present matter, the question is not whether the complaint's claim is legally cognizable, but whether the complaint makes a claim at all.").

action, the Court has the requisite subject matter jurisdiction to hear this case, including defendants' counterclaim.

Cohen Milstein also asks that the Court dismiss the counterclaim as entirely duplicative of Cohen Milstein's breach of contract claim.  That application is granted.

District courts "retain broad discretion to decline jurisdiction under the DJA."  Admiral Ins. Co. v. Niagara Transformer Corp., 57 F.4th 85, 99 (2d Cir. 2023) (citation omitted); see also MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 136 (2007) ("[The DJA] has long been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." (citation omitted)).  The Second Circuit has identified six conditions, "to the extent they are relevant in a particular case," to inform a district court's exercise of that discretion:

> (1) Whether the declaratory judgment sought will serve a useful purpose in clarifying or settling the legal issues involved; (2) whether such a judgment would finalize the controversy and offer relief from uncertainty; (3) whether the proposed remedy is being used merely for procedural fencing or a race to res judicata; (4) whether the use of a declaratory judgment would increase friction between sovereign legal systems or improperly encroach on the domain of a state or foreign court; (5) whether there is a better or more effective remedy, and (6) whether concerns for judicial efficiency and judicial economy favor declining to exercise jurisdiction.

Admiral Ins. Co., 57 F.4th at 99-100 (citation omitted).  "No one factor is sufficient, by itself, to mandate that a district court exercise -- or decline to exercise -- its jurisdiction to issue a declaratory judgment."  Id. at 100.  Likewise, district courts retain "wide latitude to address other factors as relevant."  Id.

Here, dismissal is appropriate.  The issues raised in defendants' declaratory judgment claim are entirely duplicative of the issues raised in Cohen Milstein's breach of contract claim.  A judgment on the breach of contract claim will settle every issue raised in the declaratory judgment claim.  Defendants have not identified any additional relief that could be achieved through a judgment on the declaratory judgment claim that would not be achieved through a judgment on the breach of contract claim.

## Conclusion

The plaintiff's December 22, 2025 motion to dismiss defendants' counterclaim is granted.

Dated:    New York, New York
          March 9, 2026

_____
DENISE COTE
United States District Judge

7